## J. R. JOHNSON AND MILTON PARK vs. BRUNO DURST.

SUPREME COURT, AUSTIN TERM, 1883.

*Legal Title---Notice---*A patent to the heirs of the grantee of a land certificate vests in such heirs the legal title to the land unappropriated by the location upon which patent issues, and a purchaser from such heirs without notice, takes the title freed from the equities engrafted upon it and arising out of dealings with the certificate before such location.

See this case for facts held not to be notice to such purchaser.

Appeal from Limestone County.

*T. J. Gibson* for appellants.

*Farrar* & *Prendergast* for appellee.

STATEMENT.

Appellee, as plaintiff below, instituted this suit May 29, 1879, against appellant J. R. Johnson and Melvin Herring to remove a cloud from the title to 640 acres of land situated in Donley county, Texas; to quiet appellee in his title to said land; to cancel and annul certain conveyances thereto; to enjoin defendants below from using said conveyances as muniments of title to the land and from attempting to dispose of or sell or otherwise encumber the land under or by virtue of same, and "to vest the land by a decree of the Court" in him·

On June the 10th, 1879, appellee, as plaintiff below, filed an amendment making appellant Park a party on the ground that a previous conveyance by him to Melvin Herring of 320 acees of the land had been cancelled and the title thereto reconveyed to Park before the institution of the suit and the same relief was asked against him as against the original defendants.

At the October term, 1879, defendants Johnson and Park, by an ammended original answer presented, among others, the following material issues to wit :

1st.   A general denial.

2nd.   The statute of limitations of two years as applicable to the certificate located on the Donley county land.

3rd.   The statute of limitations of three years as applicable to the land in controversy.

4th.   That they and each of them were *bona fide* purchasers of their respective interests in the land, and had the better right and title thereto.

5th.   Defendant Park submitted the issue that his vendor, S. G.

McLendon, had located the land under a contract with William Middleton, the only surviving heir at law of John Middleton dec'd, who owned the original 1280 acres Headright certificate of which the 640 acres certificate located on the said Donley county land was an unlocated balance; and that said William Middleton had conveyed 320 acres of the land to said McLendon as the latter's locative interest, and that he (Park) was a *bona fide* purchaser from McLendon of said 320 acres, and prayed for a partition and general relief.

On the same day plaintiff below filed his first supplemental petition by way of replication to defendant's amended original petition, presenting among others the following material issues to wit :

1st. A general denial.

2d. That the 640 acre certificate was filed on the Donley county land on the 2nd day of December, 1874, and was not in fact issued from the General Land Office until Dec. 28th, 1874, and that neither of the defendants nor any of their vendors had possession of said certificate before the same was filed on the land in Donley county.

October 24th, 1879, the case came on for trial and the plaintiff below dismissed his suit as to Melvin Herring, and same was submitted to the Court upon the facts and law without the intervention of a jury, judgment was rendered for appellee, who was plaintiff below, cancelling and annulling the following conveyances to wit :

1st. A deed from William Middleton to S. G. McLendon for 320 acres of the 640 acre tract, situated in Donley county, dated June 11th, 1877, and recorded in book "A" p. 465 of the records of Donley county.

2nd. A deed from S. G. McLendon to appellant Park to same 320 acres and dated June 11th, 1877.

3rd. A deed from William Middleton and wife to J. R. Johnson dated June 21st, 1877, conveying the other 320 acres of the 640 acre tract in Donley county.

And enjoining appellants from using said deeds as muniments of title to said 640 acres; or from using them as muniments of title for purpose of disposing of said land, and for all costs of suit.

Appellants gave notice of appeal in open court, filed their appeal bond, assigned errors, and now bring said cause, by appeal, into this Court for revision and reversal of the judgment of the Court below.

Plaintiff below based his right of action upon a judgment rendered in the District Court of Leon County in 1859, in favor of William

B. Middleton against William and Rosena Middleton, heirs at law of John Middleton, dec'd, and two conveyances to him from said William B. Middleton, one dated March 3rd, 1857 and the other May 15th, 1870.

The record shows that about the year 1857, 640 acres of the John Middleton headright certificate for 1280 acres of land was filed upon lands in Leon Co., but same was never patented by virtue thereof because the land proved to be appropriated public domain and covered by a valid and elder grant. At the spring term 1859 of the District Court of Leon Co., William B. Middleton obtained a judgment against William and Rosena Middleton the only heirs at law of said John Middleton, dec'd, for the recovery of this same 640 acres of land, and authorizing him to have a certified copy of said decree as his muniment of title to said land. The deed of March 3rd, 1857, purports to convey the same 640 acres to appellee. The deed of May 15th, 1870, purports to convey the same land, and also that part of the John Middleton Headright certificate, that was located thereon, and to be supplemental to and confirmatory of the deed of March 3rd, 1857.

The record further shows that on December 22nd, 1874, William Middleton made affidavit that he was the only legal heir of John Middleton, dec'd, and was the owner of 640 acres of his father John Middleton's Headright certificate for 1280 acres, and that he had never sold or conveyed same to any one, nor authorized any one to do so. On the same day Mathew and Susan Yarborough made affidavit that they were personally acquainted with William Middleton, the only child of John Middleton, dec'd, and that said William was the only heir at law of said dec'd. These affidavits were filed in the General Land Office, and on December 28th, 1874, a certificate was issued by the Commissioner, pursuant to said affidavit of ownership for 640 acres, unlocated balance of said 1280 Headright certificate. This certificate for unlocated balance was located by S. G. McLendon, under a contract for one half of the land on the lands in dispute in Donley county; and on the 7th day of May, 1877, a patent issued to the heirs of John Middleton, dec'd. On June 11th, 1877, William Middleton, conveyed 320 acres of this tract to S. G. McLendon, as the latter's locative interest, who, on same day, conveyed same 320 acres to appellant Park.

Opinion by Delany, J.

The judgment upon which appellee relies, vested in his vendor W. B. Middeton, title to a tract of land in Leon County, describing it by metes and bounds. It makes no mention of the certificate by virtue of which the land was located. It could have been no more effctual to vest such title than would have been a conveyance of the same land to W. B. Middleton by the grantee of the certificate. The most that can be said is that the judgment passed to W. B. Middleton the right to procure a patent to the land, or if that could not be done on account of the conflict, then it gave him the right to raise the certificate and locate it elsewhere. But he did not do this. He did not file in the Land Office a copy of the judgment or notice that he had any interest in the certificate. The record of his judgment in Leon County was for this purpose wholly ineffectual.

Love vs. Berry 22 Tex., 371.

Bagget vs. McKenzie, 28 Tex., 581.

In 1874 a certificate for this unlocated balance was issued to the heirs of the grantee, and in 1877 a patent issued to these heirs, for the land upon which the certificate had been located.

The legal title thus vested in the heirs. Nothing but an equity remained in appellee as the vendee of W. B. Middleton. William Middleton was the sole heir of the grantee of the certiffcate. The patent vested in him the legal title. That title passed to appellants as innocent purchasers for value and without notice of appellees' equities.

Love vs. Berry, supra.

For it is admitted that they had no actual notice, and there is nothing in the record to effect them with constructive notice. Their equities are equal to his, and they have the legal title.

See Baggett vs. McKenzie 28 Tex., 582.

We conclude that there is error in the judgment for which it should be reversed, and that such judgment shall be rendered by this Court as should have been rendered by the Court below—that is judgment for defendants—and we so award.